FILED
DEC 07 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MDI, INC., § | |
|     Plaintiff § | |
| § | |
| v. § | C. A. NO. SA-08-CA-0900-FB |
| § | |
| JIM LOWDER, ME2 SECURITY, INC. § | |
| ME2 SECURITY, LLC, LARRY HARPER § | |
| BILL HELLER, JERRY SHAW, § | |
| UNLIMITED TECHNOLOGY, INC. and § | |
| MAZE TECHNOLOGY, INC. § | |
|     Defendants. § | |

## AGREED FINAL JUDGMENT

On the __7th__ day of __December__, 2009 came on to be heard the above-entitled and numbered cause, wherein MDI, INC. (hereinafter referred to as "MDI" or "Plaintiff") as Plaintiff and JIM LOWDER, ME2 SECURITY, INC., BILL HELLER, LARRY HARPER, JERRY SHAW, UNLIMITED TECHNOLOGY, INC., ME2 SECURITY, L.L.C. and MAZE TECHNOLOGY, INC. (hereinafter referred to collectively as "Defendants") as Defendants. The parties appeared by and through their respective attorneys of record and announced to the Court that all matters of fact and things in controversy between them had been fully and finally compromised and settled. By agreeing to this Agreed Final Judgment, the Parties do not, in any way, admit to any liability for any claim that was or could have been asserted herein.

Plaintiff and Defendants in the above-entitled and numbered cause seek entry of this Agreed Final Judgment. The Court is of the opinion and finds that all matters of dispute between the parties have been fully and finally compromised and settled.

Defendants, in consideration for this Agreed Final Judgment, agree to a permanent injunction as and in final settlement of plaintiff's claims in this litigation. Defendants, as well as anyone acting in concert or association with them or on their behalf, agree to desist and refrain from and hereby agree to be enjoined from the following:

(a) Using the SafeNET® technology, copyrights or Maze™ technology to develop another software program.

(b) Using the SafeNET® technology, or copyrights or Maze™ technology to service, modify or maintain any application of the SafeNET® technology.

(c) Using the SafeNET® technology or copyrights when contacting or communicating with customers, dealers, resellers, distributors or end-users of MDI Inc. with such customers, dealers, resellers, distributors or end-users.

(d) Marketing the SafeNET® technology, copyrights or Maze™ technology in any form, whether partially or fully developed or proposed for development.

(e) Attempting to obtain a patent or obtaining a patent on the SafeNET® technology, copyrights or Maze™ technology, or any derivation thereof.

(f) Disclosing in any manner to any third party any proprietary information licensed to or owned by MDI Inc., including, but not limited to, the SafeNET® technology and copyrights.

(g) Engaging in design, development, customization, improvements, enhancements or marketing of the SafeNET® technology, copyrights or Maze™ technology.

(h) Directly or indirectly, doing business as or holding themselves out to any person or entity (whether in writing, orally or otherwise) as MDI Inc. or any derivation thereof, or to be authorized to act on behalf of MDI Inc.

(i) Making disparaging or defamatory remarks to third parties about or concerning MDI Inc. or any of their agents or representatives.

Unlimited Technology Inc. may continue servicing customers that are still using Maze™ products in whatever means necessary for a successful transition to other access control products. However, it is expressly understood that Unlimited Technology Inc. shall not violate the terms of this Agreed Final Judgment and shall not directly or indirectly modify, copy or reverse engineer any Maze™ technology not limited to and including software and firmware for any purpose in the future, without written

authorization from the owner of the Maze™ technology. Further, MDI Inc. is not precluded from servicing customers that are still using Maze™ products or selling to any existing or past customer of the Maze™ technology.

Defendants are to immediately destroy all SafeNET® technology and copyright material that may be in their possession, and Defendants are to immediately destroy all Maze™ technology that may be in their possession other than what is required to maintain and service existing Maze™ clients.

Plaintiff, in consideration for this Agreed Final Judgment, forever releases, acquits, and discharges defendants, together with defendants' officers, directors, employees, agents, legal representatives, subsidiary organizations, parent organization, successor corporations, insurers, and assigns, and all other persons, firms, or corporations who might be liable, from all claims, demands, charges, and costs of court, including but not limited to attorney fees and causes of action of whatever nature, on any legal theory arising out of the circumstances described in plaintiff's last live pleading, and from all liability and damages of any kind, known or unknown, arising from the events that gave rise to this litigation, whether in contract or in tort.

Defendants, in consideration for this Agreed Final Judgment, forever release, acquit, and discharge plaintiff, together with its officers, directors, employees, agents, legal representatives, subsidiary organizations, parent organization, successor corporations, insurers, and assigns, and all other persons, firms, or corporations who might be liable, from all claims, demands, charges, and costs of court, including but not limited to attorney fees and causes of action of whatever nature, on any legal theory arising out of the circumstances described in this litigation, and from all liability and

damages of any kind, known or unknown, arising from the events that gave rise to this litigation, whether in contract or in tort.

By this Agreed Final Judgment, the parties acknowledge it or he is not relying on any statement or representation of another party or any agent of another party regarding the matters in dispute. Each party is relying on its or his own judgment and is represented by an attorney in this matter. Each party's attorney read and explained the contents of this Agreed Final Judgment to the party and explained the legal consequences of this Agreed Final Judgment. Each party understands that this Agreed Final Judgment shall operate as a full, complete and final release and settlement of all claims in this suit.

Each party acknowledges it or he read this Agreed Final Judgment and that it is a complete, written statement of the terms and conditions of the settlement. Each party agrees to this Agreed Final Judgment of its or his own free will and accord.

IT IS, THEREFORE, ORDERED, JUDGED, and DECREED, that this Agreed Final Judgment be entered in the above-entitled and numbered cause, and to the extent anything remains, the same is dismissed with prejudice pursuant to the representations of Plaintiff and Defendants as set forth herein.

IT IS FURTHER ORDERED that Plaintiff has waived and released its rights and claims as set forth herein.

IT IS FURTHER ORDERED that Defendants have waived and released their rights and claims as set forth herein.

Each party is responsible for its or his court costs.

All relief not expressly given is denied.

It is so ORDERED.

Signed the 7 day of December, 2009.

_____
United States District Judge
FRED BIERY

APPROVED & ENTRY REQUESTED:

_____
Guy E. Matthews
Jimmy Negem
2000 Bering Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
**ATTORNEYS FOR PLAINTIFF**

_____
Bernie Martinez
Attorney at Law
13750 San Pedro Avenue, Suite 600
Telephone: 210-546-2174
Facsimile: 210-546-2170
San Antonio, Texas 78232
**ATTORNEY FOR DEFENDANTS**